IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NIKIFOROS P. KALFOUNTZOS,

     Plaintiff,                           No. 2:12-cv-529-MCE-EFB PS

     vs.

ARNE DUNCAN; TIMOTHY GEITHNER,

     Defendants.                       ORDER
_____/

     This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis*, Dckt. No. 4, will be granted. 28 U.S.C. § 1915(a).

     However, determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

1

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

Additionally, a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

Further, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff's complaint against Arne Duncan, the Secretary of the United States Department of Education ("DOE"), and Timothy Geithner, the Secretary of the United States Treasury, is brought pursuant to the Higher Education Act, 20 U.S.C. § 1087. Dckt. No. 1 at 1. Essentially, plaintiff alleges that his student loan payments should not be deducted from his monthly Social Security payments, since those loans were "nullified" by his disability. *Id*. at 1-2. In the complaint, plaintiff seeks monetary damages based on his claims for (1) failing to recognize the nullification of plaintiff's student loans, (2) misrepresentation, (3) abuse of administrative public duty, and (4) breach of public mandatory ministerial duty. *See generally* Dckt. No. 1.

Plaintiff has also filed a petition for an administrative writ of mandamus against defendants. Dckt. No. 2. Therein, plaintiff requests that this court "issue an administrative writ of mandate directing the respondent US Department of Education to remove these nullified

1 student loans from record and stop attaching the Social Security monthly payments" and
2 commanding "the respondent Department of Treasury to immediately cease reducing the Social
3 Security monthly payments . . . ." *Id.* at 8.

4     As an initial matter, because it appears that plaintiff's claims against defendants are set
5 forth in two separate documents, both such documents should be dismissed so that they can be
6 combined into one proper complaint. *See* Local Rule 220. Setting aside that deficiency and
7 construing the documents as a single complaint, the claims in asserted in the documents must be
8 dismissed because plaintiff fails to allege a proper jurisdictional basis for the waiver of sovereign
9 immunity. Sovereign immunity is a jurisdictional bar to proceeding against the government.
10 "[T]he United States may not be sued without its consent and [ ] the existence of such consent is
11 a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 211 (1983). A suit
12 against federal officers or employees in their official capacity is essentially a suit against the
13 United States and is therefore also barred by sovereign immunity absent statutory consent.
14 *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Evidence of the government's
15 consent must be unequivocal and may not be implied. *Blue v. Widnall*, 162 F.3d 541, 544 (9th
16 Cir. 1998). The government's consent to suit defines the jurisdiction of the court to hear an
17 action against the federal government. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir.
18 1987). The party asserting jurisdiction has the burden to establish all jurisdictional facts. *Indust.*
19 *Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

20     Although the Higher Education Act, 20 U.S.C. § 1082(a)(2), could possibly supply a
21 waiver for a suit against the DOE for declaratory relief, plaintiff's complaint itself seeks only
22 monetary damages. *See Thomas v. Bennett*, 856 F.2d 1165, 1168 (8th Cir. 1988) (holding that
23 the Higher Education Act waives DOE's immunity when a plaintiff seeks declaratory relief); *but*
24 *see* Dckt. No. 1 at 3-6 (seeking only monetary damages); *Wearing v. Mill*, 2010 WL 4923461, at
25 *2 (E.D.N.C. Nov. 29, 2010) ("Wearing's claim seeks monetary damages, and section 1082(a)(2)
26 does not contain a waiver for such monetary relief.") (citing *Rice v. U.S. Dep't of Educ.*, 2008

4

WL 2872202, at *2 (W.D. Mo. July 22, 2008)). Additionally, although the Administrative Procedure Act, 5 U.S.C. § 702, could possibly supply a waiver for plaintiff's suit for injunctive relief against the Department of the Treasury, plaintiff does not allege a claim under the Administrative Procedure Act, and as noted above, plaintiff only seeks monetary damages in his complaint. *See Bowen v. Massachusetts*, 487 U.S. 879, 891-93 (1988); *but see* Dckt. No. 1 at 3-6 (seeking only monetary damages).

A plaintiff's failure to establish subject matter jurisdiction requires dismissal of the case. *See, e.g., Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342-43 (2006); *Muse v. U.S. Dep't of Educ.*, 2010 WL 892209, at *4 (W.D. Pa. Mar. 9, 2010) ("Plaintiff has failed to address the Department of Education's sovereign immunity or to allege any such waiver. Due to Plaintiff's failure to affirmatively allege facts providing this Court with jurisdiction or to assert a basis for the [DOE]'s waiver of sovereign immunity, under Rule 12(b)(1) it is appropriate for this Court to dismiss Plaintiff's claims against Defendant for lack of subject matter jurisdiction."); *Valentino v. U.S. Dep't of Educ.*, 2009 WL 2985686, at *4 (S.D. Cal. Sept. 16, 2009) ("Plaintiff, as the party with the burden to demonstrate federal jurisdiction, fails to identify the applicable provision of § 1082 that authorizes an accounting, breach of contact, or declaratory relief claim. A conclusory allegation of subject matter jurisdiction without any reference to a federal statute authorizing the exercise of such jurisdiction, constitutes a failure to establish jurisdiction."). Accordingly, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

Additionally, although plaintiff filed a separate petition for a writ of mandamus, a writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616, (1984). Mandamus jurisdiction under 28 U.S.C. § 1361 exists only "when a plaintiff has a clear right to relief, a defendant has a clear duty to act and no other adequate remedy is available." *Pit River Home & Agr. Co-op., Ass'n v. United States*, 30 F.3d 1088, 1097 (9th Cir. 1994) (internal citations omitted). Jurisdiction over actions in the nature of mandamus

under § 1361 is "drastic; it is available only in extraordinary situations; it is hardly ever granted; those invoking the court's mandamus jurisdiction must have a clear and indisputable right to relief; and even if the plaintiff overcomes all of these hurdles, whether mandamus relief should issue is discretionary." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (internal citations omitted); *see also Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (holding that mandamus is an extraordinary remedy and only available to compel a federal official to perform a duty if the individual's claim is clear and certain; the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and there is no other adequate remedy available).

Here, plaintiff has not adequately alleged that he has exhausted all other avenues prior to filing the petition for writ of mandamus. The Higher Education Act permits the Secretary of Education to discharge a loan guaranteed by the DOE for a student borrower who "becomes permanently and totally disabled, as determined in accordance with regulations of the Secretary." 20 U.S.C. § 1087dd(c)(1)(F). "The administrative procedures for seeking a discharge of a federal student loan on the basis of permanent disability are outlined in the Code of Federal Regulations, at 34 C.F.R. § 674.61(b) (pertaining to Perkins Loans) and § 682.402(c) (pertaining to the Federal Family Education Loan ("FFEL") program)." *Riddles v. Sallie Mae*, 2009 WL 3734302, at *3 (E.D.N.Y. Nov. 4, 2009); *see also Guillermety v. Secretary of Educ.*, 341 F. Supp. 2d 682, 686 (E.D. Mich. 2003). Section 682.402 requires that someone seeking discharge of their student loan debt because of total and permanent disability first notify the lender. 34 C.F.R. § 682.402(c)(2). After the lender has been notified, the lender must require that the borrower have the disability certified – that is, have a doctor certify that the borrower is totally and permanently disabled. *Id.* Once the disability has been certified by a physician, the borrower must file an application (that includes the certification) with the DOE. *Id.* The DOE then makes a determination as to whether the borrower is totally and permanently disabled. 34 C.F.R. § 682.402(c)(3). If the DOE determines – during its initial consideration of the claim or at any time during the conditional discharge period – that the borrower is in fact totally and

6

permanently disabled, then the loan is placed on a conditional discharge status for three years where no payment is due. 34 C.F.R. § 682.402(c)(3)(ii). After this three year period, the balance of the loan is discharged. *See* 34 C.F.R. § 682.402(c)(4)(iii). If the DOE determines, however, that the borrower is not totally and permanently disabled, the loan is due and payable. 34 C.F.R. § 682.402(c)(3)(iv).

Here, plaintiff indicates that he served defendants with a loan discharge application on February 13, 2012, Dckt. No. 2 at 3, and attaches to the petition a letter he sent to defendants on that date, *id*. at 28, but plaintiff provides no further information regarding the procedures he followed or whether he complied with the regulations for seeking such disability discharge. Nor has he provided any indication regarding whether defendants responded to the February 13 letter. Accordingly, the court is unable to determine if the application was denied, and if it was, if the denial was based on a failure to follow the proper procedures, including submitting a physician's report, or the loan holder's determination that plaintiff did not suffer from a permanent and total disability. *See McCullough v. Sallie Mae, Inc*., 2009 WL 1788543, at *3 (W.D. La. June 19, 2009) (finding that the plaintiff failed to pursue the administrative remedies set forth in 34 C.F.R. § 682.402(c)(2) for a person seeking discharge of their student loan debt because of total and permanent disability); *Harris v. Granite State Mgmt*., 2010 WL 376852, at *2 (D. Neb. Jan. 25, 2010); *see also Chatmon v. U.S. Dept. of Educ*., 2003 WL 21501919, at *4 (N.D. Tex. June 24, 2003).

Therefore, both plaintiff's complaint and petition for writ of mandamus will be dismissed. However, plaintiff is granted leave to file an amended complaint, if he can allege a basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a

7

basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Finally, because plaintiff's complaint is dismissed and there is no operative pleading in this action, plaintiff's motion for a preliminary injunction, Dckt. No. 3, must be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 4, is granted.

2. Plaintiff's complaint and petition for writ of mandamus, Dckt. Nos. 1 and 2, are dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must

8

be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

    4.  Plaintiff's motion for a preliminary injunction, Dckt. No. 3, is denied without prejudice.

DATED: June 26, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9